NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH CONQUEST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF TRENTON POLICE DEPT, et al,<br><br>　　　　　Defendants. | Civil Action No. 18-6068 (PGS-LHG)<br><br>**MEMORANDUM** |

Plaintiff is proceeding *in forma pauperis* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will dismiss the complaint without prejudice.

1. Plaintiff alleges he was assaulted by several officers employed by the City of Trenton Police Department on May 21, 2017. (ECF No. 1 at 6). He alleges the officers came to a cookout Plaintiff was attending and started harassing him about a raid they had conducted on Clinton Avenue the prior day. (*Id.*). They mocked Plaintiff about arresting his nephews and asked him why he missed the raid. (*Id.* at 6-7).

2. Plaintiff states the officers searched him, took the money Plaintiff had in his pockets, and asked Plaintiff how much money he had. (*Id.*). The officers continued to taunt Plaintiff about the raid, claiming they had arrested "his workers." (*Id.* at 7). Plaintiff denied that

1

anyone worked for him and asked if he was under arrest. The officer said "your [sic] not being arrested we just confiscated your money, you can get it back in court . . . ." (*Id.*).

3. Plaintiff called out to his aunt, at which time an officer punched Plaintiff. (*Id.*). Another officer followed suit. The officers dropped Plaintiff's money and arrested Plaintiff's friend when she tried to pick it up. (*Id.*). They confiscated all the phones when people started recording the officers beating Plaintiff. (*Id.*).

4. Plaintiff was taken to Helen Fuld Hospital and handcuffed to a stretcher. (*Id.* at 8). An officer told Nurse R. Mary to give Plaintiff a shot "to calm [him] down" but Plaintiff told the nurse he did not want any drugs. (*Id.*). Nurse Mary gave Plaintiff the shot anyway. (*Id.*).

5. Plaintiff alleges that his wrist was injured and has finger nerve damage, a missing tooth, and back problems because of the police assault. (*Id.* at 8-9).

6. In determining the sufficiency of a pro se complaint,[1] the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

7. To survive sua sponte screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

8. Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

9. The Court shall dismiss the claims against the City of Trenton Police Department without prejudice. Police departments are agencies of their municipalities, and municipalities cannot be held liable for the conduct of employees pursuant to *respondeat superior*. *See Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004). Plaintiff has not alleged facts indicating there was an "affirmative proclamation of a policy or acquiescence in a well-settled custom" of a municipality that caused his injuries to support an inference that the City of Trenton itself was the cause of Plaintiff's injuries. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

10. Plaintiff's claims against Officer Jane Doe are dismissed because the only factual allegation against her is that she arrested Plaintiff's friend. (ECF No. 1 at 7). Plaintiff lacks standing to bring a false arrest claim on someone else's behalf. "[U]nder the 'next friend' doctrine, standing is allowed to a third person only if this third person could file and pursue a

---

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

3

claim in court on behalf of someone who is unable to do so on his/her own." *In re Telfair*, 745 F. Supp. 2d 536, 560 (D.N.J. 2010), *aff'd in part, vacated in part sub nom. Telfair v. Office of U.S. Attorney*, 443 F. App'x 674 (3d Cir. 2011).

11. "[A] 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his [or her] own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). There is no indication Plaintiff's friend is unable to pursue her own claims. If Plaintiff has claims of his own against Officer Jane Doe, he may put them in an amended complaint.

12. Plaintiff's excessive force claims cannot proceed at this time because Plaintiff does not sufficiently plead the individual officers' personal liability. "[A] defendant in a civil rights action must have 'personal involvement' in the alleged wrongs." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 284 (3d Cir. 2018) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988)). "[A] plaintiff alleging that one or more officers engaged in unconstitutional conduct must establish the 'personal involvement' of each named defendant . . . to take that defendant to trial." *Id.* at 285.

13. The factual portion of the complaint does not identify how each officer was allegedly involved in the purported assault and/or false arrest. Plaintiff may move to amend his complaint by including additional facts setting forth how each named officer was personally involved in the constitutional violation.

14. In the absence of any basis for federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law battery and negligence claims against the hospital and Nurse Mary. 28 U.S.C. § 1367(c)(3).

15. Because Plaintiff has failed to state a claim in his complaint, the Court will dismiss the complaint without prejudice. Plaintiff may move for leave to amend the complaint within 30 days by providing additional facts. Any motion to amend must be accompanied by a proposed amended complaint.

16. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. (*Id.*). To avoid confusion, the safer course is to file an amended complaint that is complete in itself. (*Id.*).

17. Failure to submit a motion to amend within the timeframe set by the Court will convert the dismissal without prejudice into a dismissal with prejudice without further action by this Court.

18. An appropriate order follows.

4/4/19
Date

Peter G. Sheridan, U.S.D.J.